UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID SNELL, ET AL

VERSUS

JOHNNY L. SIMPSON, ET AL

CIVIL ACTION

NO. 09-992-BAJ-SCR

**RULING**

This matter is before the Court on a motion by defendant, United States of America, to dismiss the claims asserted by plaintiff, Rita Snell pursuant to Federal Rule of Civil Procedure 12(b)(1) (doc. 28). No opposition has been filed. Jurisdiction is based on 28 U.S.C. § 1331.

Defendant asserts that plaintiff, Rita Snell has failed to exhaust administrative remedies prior to filing suit as is required under the Federal Tort Claims Act ("F.T.C.A."). "Under the F.T.C.A., each person seeking damages must file an individual claim with the appropriate administrative agency." *Poynter v. U.S.*, 55 F.Supp.2d 558, 564 (W.D.La. 1999) (citing, *Bryant v. United States*, 1992 WL 67811 (E.D.La.1992)).

A complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to hear the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th

Cir. 1984). "A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992). In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

In ruling on a Rule 12(b)(1) motion, however, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) *cert. denied*, 130 S.Ct. 1054, 175 L.Ed.2d 883 (2009); see also, *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) *cert. denied*, 536 U.S. 960, 122 S.Ct. 2665, 153 L.Ed.2d 839 (2001) (stating that a court ruling on a 12(b)(1) motion may evaluate "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts").

Plaintiff, Rita Snell, bears the burden of establishing jurisdiction, but has neither briefed nor argued the jurisdictional issue raised by defendant in support of the motion. Accordingly, the Court finds that plaintiff, Rita Snell, has failed to establish that the Court has jurisdiction over her claim. See, e.g., *Association of American Physicians & Surgeons, Inc. v. Texas Medical Bd.*, 627 F.3d 547, 551 (5th Cir. 2010) (stating that a party which "neither briefed nor argued" an issue had

abandoned it); *Indiana Elec. Workers' Pension Trust Fund IBEW v. Shaw Group, Inc.*, 537 F.3d 527, 543 (5th Cir. 2008) (stating that "[w]e deem the un-briefed claims to be abandoned"); *Askanase v. Fatjo*, 130 F.3d 657, 668 (5th Cir. 1997) (stating that "[a]ll issues not briefed are waived"); see also, e.g., *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006) ("[i]nadequately briefed issues are deemed abandoned); *Dardar v. Lafourche Realty Co.*, 985 F.2d 824, 831 (5th Cir. 1993) (same); *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991) (same); *Harris v. Plastics Mfg, Co.*, 617 F.2d 438, 440 (5th Cir. 1980) (same).

## CONCLUSION

Accordingly, the motion by defendant, United States of America, to dismiss all claims asserted by plaintiff, Rita Snell pursuant to Federal Rule of Civil Procedure 12(b)(1) (doc. 28) is **GRANTED**, and this matter is referred back to the Magistrate Judge for further proceedings as to the claim asserted by plaintiff, David Snell.

Baton Rouge, Louisiana, January, 25, 2012.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA